FILED
SUPERIOR COURT
OF GUAM

2020 FEB -7 PM 2:46

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0133-18 |
| vs. | |
| **ATRIKO A. HEWININ,** *aka Rico Arwin,* DOB: 03/25/1982 | **DECISION AND ORDER** |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on November 12, 2019, upon the Defendant's Motion to Dismiss the Special Allegations of Felony on Felony Release filed on October 29, 2018. Defendant Atriko A. Hewinin ("Defendant" or "Hewinin") is represented by Attorney William Pole. Assistant Attorney General Christine S. Tenorio represented the People of Guam ("the People"). Having reviewed the pleadings and arguments in this matter, the Court now issues the following Decision and Order.

## BACKGROUND

On July 15, 2017, the People filed Criminal Case No. CF0401-17, accusing Hewinin of Third Degree Criminal Sexual Conduct and Terrorizing against a minor, L.L.K. (DOB: 04/22/2001). Throughout CF0401-17, Hewinin appeared in court under the alias "Rico Arwin." Following his Magistrate's Hearing, the Magistrate Judge conditionally ordered "Arwin" to be released from confinement while he awaited trial.

Approximately eight months later, on March 2, 2018, the People filed the instant criminal case, charging Hewinin with First and Second Degree Criminal Sexual Conduct, Child

Abuse, Aggravated Assault, and Resisting Arrest against another minor, S.S. (DOB: 06/02/2013). The allegations giving rise to CF0133-18 occurred on or about March 2, 2018, a date on which Hewinin was on pre-trial release in CF0401-17.

These two cases—CF0401-17 against "Arwin" and CF0133-18 against "Hewinin"— proceeded separately until October 4, 2018, at which time the People filed a Superseding Indictment in CF0133-18. The Superseding Indictment modified CF0133-18 in three significant ways. First, the People brought new charges: Hewinin was additionally charged with Video Voyeurism, Fourth Degree Criminal Sexual Conduct, and Invasion of Privacy against an adult female, J.S. These new charges date back to January 25, 2018, another date on which Hewinin was on pre-trial release in CF0401-17. Second, the People incorporated all charges from CF0401-17 into CF0133-18. Third, the People posted six Notices of Commission of a Felony While on Felony Release, a sentence enhancement authorized by 9 GCA § 80.37.1, for all felony charges that allegedly occurred on January 25, 2019, and March 2, 2018. The resulting Superseding Indictment charged Hewinin with seven felony charges, six of which included the Felony While on Felony Release enhancement. In response to the Superseding Indictment, Hewinin filed seven motions between October 16, 2018 and November 5, 2018. The instant Motion was filed on October 29, 2018.

On February 21, 2019, this Court granted Hewinin's First and Second Motions to Sever Charges. Dec. & Order (Feb. 21, 2019). The Court found that, under the terms of the Superseding Indictment, Hewinin would likely be prejudiced at trial if he had to simultaneously defend against all charges and all victims. *Id.* at 5. The Court therefore ordered that Hewinin receive three separate trials, each limited to a single alleged victim. Id. The Court held the instant Motion in abeyance pending the Court's resolution of Hewinin's Motion to Dismiss Indictment for Failure to Provide Exculpatory Evidence and for Implicit Vouching, which was denied on July 3, 2019.

It is undisputed that on both January 25, 2018 and March 2, 2018, Hewinin was on pre-trial release in CF0401-17. Hewinin nevertheless argues that the Court should dismiss the

Felony While on Felony Release sentence enhancements on both statutory and Constitutional grounds.

## DISCUSSION

### I.     The Special Allegation of Felony While on Felony Release is Not De Minimis.

Hewinin asks the Court to dismiss the Special Allegations of Felony While on Felony Release under Guam's Appropriateness of Prosecution statute, 9 G.C.A. § 7.67(b). The statute directs a court to dismiss a prosecution if the defendant "did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense." Id. Hewinin argues that "Felony on Felony Release cannot fit the harm that the legislature was trying to cure if the Defendant is not found guilty of the first felony." Mot. Dismiss (Oct. 29, 2018) at 3.

Hewinin provides no evidence of legislative intent in support of this argument. In the absence of "clearly stated legislative intent to the contrary," the plain meaning of the statute prevails. Teleguam Holdings, LLC, v. Territory of Guam, 2015 Guam 13 ¶ 18. Accordingly, the Court evaluates Hewinin's *de minimis* claim by looking to the plain meaning of Section 80.37.1:

> "Whoever commits a felony punishable under the laws of Guam while on release on a felony charge pursuant to Chapter 40 (Criminal Procedure) of Title 8, Guam Code Annotated, shall, in addition to the sentence imposed for the crime committed while on release, be imprisoned for a term of not less than five (5) years nor more than twenty-five (25) years."

9 G.C.A. § 80.37.1(a). By its plain terms, the statute applies upon two conditions: (1) when the defendant "commits a felony punishable under the laws of Guam," at a time when the defendant is (2) "on release for a felony charge" pursuant to Chapter 40.

"It is a well-established canon of statutory interpretation that the use of different words or terms within a statute demonstrates that Congress intended to convey a different meaning for those words." S.E.C. v. McCarthy, 322 F.3d 650, 657 (9th Cir. 2003). Applying this principle, the Court finds significance in the language shift between the statute's first and second conditions: while the defendant must "commit" the second felony, the defendant need only be "on release" for the initial felony. The plain meaning of the word "commit" is "to do (something

wrong or reprehensible), to perpetrate, be guilty of (a crime or offense, etc.)." United States. v. Kavourkian, 315 F.3d 139, 143 (2nd Cir. 2002). Accordingly, the Legislature's use of "commit" clearly evinces intent that the Special Allegations apply only if the defendant is proven guilty of the second felony. By contrast, the phrase "on release" only describes the defendant's legal status at the relevant moment. Nothing in the plain meaning of the phrase "on release" requires—or even contemplates—how that legal status must eventually be resolved. Nor shall the Court impose such a requirement.

The Court's reasoning corresponds to that of other courts that have interpreted similar statutes. In United States v. Davis, 114 F.3d 400 (2nd Cir. 1997), the Second Circuit interpreted 18 U.S.C. § 3147, the federal analogue to 9 GCA § 80.37.1. Section 3147 reads, in entirety:

> "A person convicted of an offense committed while released under this chapter shall be sentenced, in addition to the sentence prescribed for the offense, to
> --
> > (1) a term of imprisonment of not more than ten years if the offense is a felony; or
> > (2) a term of imprisonment of not more than one year if the offense is a misdemeanor.
> A term of imprisonment imposed under this section shall be consecutive to any other sentence of imprisonment."

18 U.S.C. § 3147. This federal statute is more expansive than Guam's Section 80.37.1 because it applies to all federal offenses, not just felonies. However, like Section 80.37.1, the federal statute relies on the construction of "commit" versus "release." In Davis, the Second Circuit concluded that the statute imposes no conviction requirement for the initial felony:

> "[18 U.S.C. § 3147] is concerned solely with whether a person released on bail in connection with a federal criminal charge takes action in violation of a federal law while on pretrial release. By its terms, the statute regulates the conduct of individuals deemed fit for pretrial release during their time under judicial supervision. In this instance, the defendant was indicted for conduct committed while under such supervision; **accordingly, whether he ultimately was acquitted of the charge giving rise to the initial provision of bail is irrelevant.**"

Davis, 114 F.3d at 403 (emphasis added). Likewise, the District of Columbia Court of Appeals held that the District's analogous statute, D.C. Code § 23-1328, does not require a conviction

for the initial felony. Speight v. United States, 569 A.2d 124 (D.C. 1989). Like Section 80.37.1, the District of Columbia's statute uses a "conviction" versus "release" configuration. D.C. Code § 23-1328(a). The Speight court found the statute unambiguous, concluding that "no qualification is imposed [by the statute] that the person be guilty of the first offense . . . it is the fact of pretrial release that triggers the enhancement provision." Speight, 569 A.2d at 126.

In light of the plain meaning of the statute and harmonious case law from other jurisdictions, the Court finds no textual evidence that the Legislature intended for Section 80.37.1 to only apply when the initial felony is proven. Furthermore, Hewinin has provided no affirmative evidence of legislative intent to support this proposition. The Court therefore holds that so long as the defendant is "on release" for the initial felony at the time he "commits" the second felony, Section 80.37.1 is satisfied. The ultimate disposition of the initial felony is outside the contemplation of the statute. Because Hewinin has not shown that the Legislature intended to exclude Hewinin's situation from the reach of the statute, dismissal of the Special Allegations on *de minimis* grounds is therefore unwarranted.

## II. The Special Allegation of Felony While on Felony Release is Not Unconstitutional.

Hewinin's Motion also invokes, as a defense to the Special Allegations, "the Defendants Fourth, Five, and Six Amendment Rights of the Defendant and by implication the Organic Act of Guam." Mot. Dismiss (Oct. 29, 2018) at 1.

In launching a constitutional challenge, Hewinin incurs a heavy legal burden: "He who alleges the unconstitutionality of an act bears the burden of proof." In re Request of Governor Carl T.C. Gutierrez, 2002 Guam 1 ¶ 41. Furthermore, under Guam Supreme Court precedent, Hewinin is required to make his Constitutional arguments with particularity:

> "In order to conduct a meaningful review, the parties must articulate their arguments in a way that allows this court to apply recognized rules of law: 'It is not sufficient for a party simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position.'"

Lamb v. Hoffman, 2008 Guam 2 ¶ 35 (quoting Wilson v. Taylor, 577 N.W.2d 100, 105 (Mich. 1998)). From these principles, the Court analyzes Hewinin's claims in succession.

The Fourth Amendment guarantees the right of the people to be free from unreasonable governmental search and/or seizure. U.S. Const. amend. IV. Hewinin cites to the Fourth Amendment in the opening paragraph of his Motion, but he does not return to this subject anywhere else in his Motion or Reply. The subject matter of this Motion implicates neither "search" nor "seizure" in any orthodox sense, so the Court assumes that Hewinin intends a novel application. However, Hewinin fails to elaborate on, or even return to, this Fourth Amendment theory. Under the teaching of Lamb v. Hoffman, the Court will not attempt to independently discover a Fourth Amendment argument.

The Fifth Amendment encompasses several substantive guarantees for a criminal defendant, most notably that a criminal defendant shall not "be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. Hewinin's Motion uses the phrase "due process" only once, arguing "if the Government was allowed to charge the Defendant with both the first and second felony and then merge the offenses and then charge out a special allegation then the Defendants rights to due process and a fair trial would be without meaning." Mot. Dismiss (Oct 29, 2018) at 4. Assuming Hewinin's due process claim is solely aimed at the issue of Hewinin having to defend against "the first and second felony" simultaneously at trial, the Court has already remedied that issue by granting Hewinin's Motions to Sever. See Dec. & Order (Feb. 21, 2019) at 5.

However, in his document styled Overview of the Seven Briefs Filed Since the Government Filed a Superseding Indictment (Dec. 3, 2018), Hewinin describes the instant Motion as "just deal[ing] with whether you can dismiss the charges in CF0401-17, and then charge felony on felony release in CF0133-18." Id. at 4. However, neither Hewinin's Motion nor his Reply provides a legal framework, relevant case law, or even a direct argument as to why the People's dismissal of CF0401-17 and subsequent incorporation of the charges in CF0133-18 would constitute a due process violation. Under Lamb v. Hoffman, the Court will not attempt to unravel and elaborate upon this insufficiently briefed argument.

The Sixth Amendment to the United States Constitution guarantees that a criminal defendant shall be tried by an impartial jury. U.S. Const. amend. VI. Hewinin's Sixth Amendment argument appears to be that "[i]t would seem difficult for the jury to be impartial when the Government elects to charge both the underlying first felony and the felony on felony release in one indictment." Mot. Dismiss (Oct. 29, 2018) at 4. As discussed above, the Court acknowledges this proposition and has therefore ordered that the charges be severed. Hewinin will receive three separate trials for the initial and subsequent felonies. Dec. & Order (Feb. 21, 2019) at 5. This will mitigate the juror prejudice that Hewinin alludes to and it will preserve Hewinin's ability to make a *Blakely* waiver at trial if he so chooses. Accordingly, the Court has already provided an appropriate remedy for Hewinin's Sixth Amendment claim. Dismissal of the Special Allegations on Sixth Amendment grounds is therefore unnecessary.

## CONCLUSION

For the reasons set forth above, the Court holds that the People's Special Allegations of Felony While on Felony Release, pursuant to 9 G.C.A. § 80.37.1, are not *de minimis* under the terms of 9 G.C.A. § 7.67(b) and shall therefore not be dismissed at this time. The Court further holds that Hewinin's Constitutional claims do not provide sufficient grounds for the dismissal of the Special Allegations. Accordingly, the Court **DENIES** Hewinin's Motion to Dismiss the Special Allegations of Felony on Felony Release.

IT IS SO ORDERED    FEB 0 7 2020 .

SERVICE VIA COURT BOX

I ackr: wledge that a copy of the original hereto was placed in the court box of:

AG Prosecution,
W. Pole

Date: 2/7/20 Time: 3:00 pm.

Antonio A. Cruz
Deputy Clerk, Superior Court of Guam

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**